IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA REED, | : | |
| | : | |
| Plaintiff, | : | NO. |
| | : | |
| vs. | : | ELECTRONICALLY FILED |
| | : | |
| BEST FRIENDS DAY CARE CENTER, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

## COMPLAINT

## NATURE OF ACTION

1.　This action is brought to recover from Defendant unpaid wages and overtime compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees as provided for by the provisions of the Fair Labor Standards Act (hereinafter "the Act"), 29 U.S.C. §§ 201-219, specifically, Section 16(b) of the Act, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

2. Subject-matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and Section 16(b) of the Act, 29 U.S.C. §216(b).

3. Plaintiff, at all times relevant to this Complaint, was an employee of the Defendant, and is a citizen of Cumberland County, Pennsylvania, with a primary residence address of 1189 Shoreham Road, Camp Hill, Pennsylvania, 17011.

4. Defendant, Best Friends Day Care Center, is a corporation doing business in the Commonwealth of Pennsylvania with a business address of 206 Bridge Street, New Cumberland, Cumberland County, Pennsylvania, 17070

5. At all times relevant to this Complaint, Defendant conducted business operations in Cumberland County, Pennsylvania.

6. In performance of its operation and business described herein, the Authority was engaged in interstate commerce, within the meaning of Sections 3(b), 3(i), 3(j), 6(a), and 7(a) of the Act, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), and 207(a).

## COUNT ONE – FAIR LABOR STANDARDS ACT

7. At times pertinent to this complaint, Defendant failed to comply with the Act in that Plaintiff worked for Defendant for periods during which the wages provided for in the Act was not paid. Plaintiff worked in excess of the maximum

weekly hours provided by the Act, but received no overtime pay consistent with the rates required by the Act.  Further, Plaintiff worked for periods in which no payment whatsoever was made by the Defendant.  All of the above actions of the Defendant are in violation of the Act.

8. Plaintiff was hired by Defendant on or about April 4, 1991.

9. At all relevant times, Plaintiff's normal weekly schedule was Monday through Friday from 6:30 a.m. to 12:30 p.m., and 1:30 p.m. through 6:00 p.m.

10. Plaintiff's normal weekly schedule totaled 52.5 hours per week.

11. Plaintiff did not receive overtime pay.

12. Plaintiff is not exempt from the overtime pay requirements of the Act.

13. Plaintiff was required to work, encouraged to work, or suffered to work for the Defendant between the hours of 12:30 p.m. and 1:30 p.m. at all relevant times for which she received no compensation.

14. Thus, Plaintiff was working for the benefit of the Defendant at all times during the lunch periods during which she was required to remain at work and handle paperwork and answer phones.  The total hours Plaintiff worked and was uncompensated for as well as Plaintiff's total monetary damages will be proved at trial since the information necessary to make such calculations is in the sole possession and control of the Defendant.

15. For numerous weeks within the three years prior to filing the instant Complaint, Plaintiff was required to work without compensation pursuant to a compensatory time scheme. The total hours Plaintiff worked and was uncompensated for as well as Plaintiff's total monetary damages will be proved at trial since the information necessary to make such calculations is in the sole possession and control of the Defendant.

16. Defendant's violations enumerated above were willful and not in good faith.

17. Plaintiff seeks proper compensation pursuant to the Act for all hours worked for three years prior to the filing of the instant Complaint.

18. Defendant's refusal to pay unpaid minimum wages and overtime due Plaintiff has necessitated Plaintiff to retain counsel to initiate and prosecute this Complaint. Therefore, Plaintiff is also entitled to reasonable attorney's fees and costs as provided by the Act.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant in an amount to be proved at the time of trial, said amount due Plaintiff includes payment of minimum wages, wages, overtime compensation, liquidated damages, costs, and attorney's fees as provided for under the Act, and for such additional and such other legal or equitable relief as may be appropriate to effectuate the purposes of the Act.

## COUNT TWO – PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

19. The preceding paragraphs of this Complaint are hereby incorporated by reference herein.

20. Count Two arises under Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260, *et seq.* and this Court has jurisdiction pursuant to 28 U.S.C.A. § 1367.

21. Pursuant to 43 P.S. § 260.9a, any employee or group of employees, labor organization, or party to whom any type of wages is payable may institute action provided for under Pennsylvania's Wage Payment and Collection Law.

22. Defendant is an "employer" within the meaning of 43 P.S. § 260.2(a).

23. The Wage Payment and Collection Law provides that, in addition to other relief, a court shall award a prevailing Plaintiff all reasonable attorneys' fees incurred. 43 P.S. § 260.9a(f).

24. Pursuant to the Wage Payment and Collection Law, an aggrieved individual is entitled to 25 percent of the wages due or $500, whichever is greater, as a liquidated damages where no good faith contest exists to account for the non-payment. 43 P.S. § 260.10.

25. The Defendant's continued refusal to pay Plaintiff her past wages for all the periods enumerated above constitutes a clear violation of the Wage Payment

and Collection Law because these monies represent wages due and owing to Plaintiff for work performed on behalf of the Defendant.

26. Defendant's resolve to withhold wages is not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, and

(a) Award to Plaintiff damages in the full amount of her wages which were not paid within the three (3) years preceding the filing of this Complaint;

(b) Award to Plaintiff liquidated damages in the amount of 25% or $500.00, whichever is greater;

(c) Award to Plaintiff the costs of this action;

(d) Award to Plaintiff pre- and post-judgment interest on all amounts awarded;

(e) Award to Plaintiff reasonable attorneys' fees; and

(f) Award to Plaintiff such other relief as this Honorable Court deems just.

Respectfully Submitted,

Jason M. Weinstock, Esquire
Jeffrey R. Schott, Esquire
**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA 17102
Phone (717) 238-1657


By: */s/ Jason M. Weinstock*
  JASON M. WEINSTOCK
  Attorney I.D. No.:  69272


By: */s/ Jeffrey R. Schott*
  JEFFREY R. SCHOTT
  Attorney I.D. No.:  83164